In the Matter of JOHN J. DALY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 19, 1979

## APPEARANCES OF COUNSEL

*Nicholas C. Cooper* for petitioner.

No one appearing on behalf of respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the Bar on December 4, 1950. Upon the conclusion of a hearing on charges of professional misconduct and conduct prejudicial to the administration of

justice as an attorney and counselor at law before a hearing panel pursuant to subchapter C of the Rules and Procedure of the Departmental Disciplinary Committee of the First Judicial Department, and in accordance with section 603.4 (b) of the rules of this court (22 NYCRR 603.4 [b]), respondent was found to have violated the Code of Professional Responsibility of the New York State Bar Association, effective January 1, 1970, as amended, including DR 1-102 (A) (4) and (6), DR 9-102 (A), DR 9-102 (B) (1) and (4), DR 6-101 (A) (3), and section 603.7 of the Rules of the Appellate Division, First Department, in that he did knowingly convert to his own use a client's funds entrusted to him, failed to account to his client, neglected legal matters entrusted to him, engaged in misrepresentation to a client, failed to file a retainer statement with the Office of Court Administration, and failed to co-operate with the petitioner in its investigations.

The hearing panel further determined, in accordance with section 3.27 (d) (3) of the Rules and Procedures of the Committee on Grievances that respondent should be reprimanded, and that the matter should be referred to this court for appropriate action.

Petitioner, the Departmental Disciplinary Committee for the First Judicial Department, moves for an order confirming the hearing panel's conclusions and findings. Respondent appeared *pro se* before the hearing panel but failed to timely answer the charges in accordance with section 3.9 (d) of the Rules and Procedures of the Committee on Grievances and the charges were sustained. Respondent submits no opposition to the within application.

The report of the hearing panel sustaining the charges and the determination to issue a reprimand should be confirmed. Although it appears that respondent's present difficulties have arisen as a result of severe economic stress, the seriousness of his misconduct requires a period of suspension.

Respondent should be suspended from the practice of law for 18 months and until further order of the court.

SANDLER, J. P., SULLIVAN, LUPIANO, SILVERMAN and ROSS, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of 18 months effective May 21, 1979.